# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARMANDO NUNEZ,<br><br>Defendant. | Case No. 1:11-CR-00354-04-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(Doc. 592) |

Before the Court is the pro se[1] motion of Defendant Armando Nunez ("Defendant") to reduce his sentence (Doc. 592), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 to the United States Sentencing Guidelines,[2] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion. Doc. 622. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR") (Doc. 365), and the relevant law, the Court will deny the motion.

**Standard of Review**

A federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C.

---

[1] On August 13, 2015, the Office of the Federal Defender filed notice that it did not recommend appointment of counsel to represent Defendant on the instant motion. Doc. 613.
[2] Hereinafter, all references to sections (§) refer to the United States Sentencing Guidelines unless otherwise indicated.

§ 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. Amendment 782 is retroactively applicable to previously sentenced defendants.

Moreover, the district court's authority to modify a sentence is constrained by the Sentencing Commission. *Dillon v. United States,* 560 U.S. 817, 826-27 (2010). A two-step inquiry is required under 18 U.S.C. § 3582(c). *Dunn*, 728 F.3d at 1155 (citing *Dillon*, 560 U.S. at 826-27). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in [§ 1B1.10]." *Id.* If the defendant is eligible, the district court then "consider[s] any applicable [18 U.S.C. § 3553(a)] factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon*, 560 U.S. at 827).

**Original Sentence Imposed**

On August 12, 2013, Defendant pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Docs. 256, 296. The total amount of methamphetamine attributable to Defendant is at least one pound of methamphetamine that contained at least 50 grams of actual methamphetamine. PSR, at 15. Thus, the original base offense level was 32 for the amount of methamphetamine involved the case, and a criminal history category of III. *Id.* Under § 3E1.1(b), Defendant's acceptance of responsibility warranted a three-level reduction, to a level 29. *Id.*, at 17. Nevertheless, because at least 50 grams of methamphetamine was involved in this case, Defendant's offense subjected him to a statutory 120-month mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A)(viii). Accordingly, pursuant to § 5G1.1(b), which requires that the statutorily required minimum sentence be the guideline sentence, the PSR recommended a 120-month term of imprisonment. PSR, at 9.

On November 4, 2013, the Court adopted the PSR's recommendation and sentenced Defendant to a 120-month term of imprisonment, a 60-month term of supervised release, and a mandatory $100 special assessment. Docs. 409, 412.

**Application of Amendment**

Amendment 782 modifies the Drug Quantity Table to lower base offense levels by two points for most federal drug offenders. Amendment 782, § 1B1.10. However, "a defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under [18 U.S.C. § 3582(c)]." *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009). In this case, Defendant was sentenced pursuant to a statutory mandatory minimum. PSR, at 9; Doc. 412. Thus, because Defendant is ineligible for a sentence reduction, the Court must deny his motion. *See United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011) ("A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term.").

Although the Court is without authority to reduce Defendant's sentence, the Court commends Defendant for his many accomplishments while in prison, which include the completion of courses on non-violence, freedom from drugs, and vocational pursuits, and his progression towards earning his GED. The Court's denial of the instant motion is in no way a reflection of Defendant's character, but is a matter of law.

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Armando Nunez's motion to reduce his sentence is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

Dated:   **November 17, 2015**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE